# Gallagher v. Black Creek Coal Company, Appellant.

*Negligence—Master and servant—Mines and mining—Electric wires—Death—Mine foreman—Case for jury.*

1. In an action of trespass to recover damages for the death of plaintiff's son, caused by an electric shock, which he received while pulling an uninsulated signal wire in defendant's mine, where it appeared that the wire was placed three or four inches below insulated electric feed wires; that the range of the oscillation of the signal wire was sufficient to allow it to come in contact with the feed wires, from one of which the insulation had been broken four or five days before the accident, and that actual contact between the wires was indicated by the fact that copper solder had been deposited on the signal wire at a point corresponding to the place on the feed wire from which the insulation had been broken, the trial judge made no error in submitting the case to the jury and defendant's rights were sufficiently protected by instructions to the effect that to entitle the plaintiff to a verdict, the jury must find that her son's death was caused by an electric current coming from the feed wire through the signal wire, that the defects in the feed wire would have been discovered by adequate inspection, and that the control of the electric wire was not in the mine foreman but in an electrician assigned to that duty by the superintendent of the mine.

2. Where in such case it appeared that, while the deceased held the signal wire, he called to his assistant, who also took hold of it, and that neither was able to release his hold until the controller was moved by a third person, the contention that the shock which caused death was not a momentary one, such as would have resulted from the contact of the signal wire and the feed wire, but a continuous one that must have been the result of an unexplained cause, and, therefore, that the court should have withdrawn the case from the jury on the ground that the cause of the accident was not shown, was without merit, in view of the testimony that the oscillation of the signal wire might have caused it to become entangled with the feed wires, and produce a continuous current.

Argued April 15, 1914. Appeal, No. 89, Jan. T., 1914, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1911, No. 190, on verdict for plaintiff in case of

Bridget Gallagher v. Black Creek Coal Company. Before FELL, C. J. MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's son. Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,299.37 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, answers to points, the refusal of the court to divert a verdict for defendant, and to enter judgment for defendant n. o. v.

*Henry S. Drinker, Jr.,* with him *G. J. Clark,* for appellant, cited: Seitzinger v. Burnham, 223 Pa. 537; Cavanaugh v. Allegheny Co. Lt. Co., 226 Pa. 86; Lanning v. Pittsburgh Ry. Co., 229 Pa. 575; Price v. Railroad Co., 202 Pa. 176; Savitz v. Railroad Co., 199 Pa. 218, 221; Sandt v. North Wales Foundry Co., 214 Pa. 215, 216, 217; Green v. Pittsburgh, Etc., St. Ry. Co., 219 Pa. 241, 244, 245; Ott v. Boggs, 219 Pa. 614, 615.

*Charles B. Lenahan* and *James P. Costello,* with them *James L. Lenahan,* for appellee, cited: Morgan v. Electric Co., 213 Pa. 151; Stark v. Electric Light Co. 218 Pa. 575; Fitzgerald v. Edison Electric Company, 200 Pa. 540; Kirchner v. Smith, 207 Pa. 431; Kroegher v. McConway and Torley Company, 149 Pa. 444; Pauza v. Coal Co., 231 Pa. 577; Mingak v. Vesta Coal Co., 51 Sup Ct., 584; Bogdanovicz v. Coal Co., 240 Pa. 124.

PER CURIAM, May 22, 1914:

The plaintiff's son who was employed in defendant's coal mine was killed by an electric shock while pulling a signal wire by means of which communication was had with the hoisting engineer at the surface. The signal wire was not insulated and was placed three or four

inches below insulated feed wires by which electricity
was carried to the bottom of the shaft for light and
power.  The pulling of the signal wire caused a hammer
to strike a plate in the engineer's room and the wire was
slack enough to allow the hammer to drop back after the
plate was struck.  It appeared from the testimony on
behalf of the plaintiff that the range of the oscillation
of the wire was sufficient to allow it to come into con-
tact with the feed wires, from one of which the insula-
tion had been broken four or five days before and actual
contact of the wires was indicated by a deposit of cop-
per solder on the signal wire at a point corresponding
to the place on the feed wire from which the insulation
had been broken.

The grounds of defense at the trial were that there was
not sufficient evidence to show the cause of the accident
and that if there was negligence in not inspecting the
wires it was the negligence of the certified mine foreman,
for whose neglect the defendant was not answerable.
The issue of fact was clearly defined by the learned trial
judge and it was submitted with the instruction that to
entitle the plaintiff to a verdict, the jury must find that
her son's death was caused by an electric shock and that
the current in the signal wire came from the feed wire
and that the defect in the latter, would have been dis-
covered by adequate inspection and that the control of
the electric wire was not in the mine foreman but in an
electrician assigned to that duty by the superintendent
of the mine.

The contention that the cause of the accident was not
shown is based on the testimony for the plaintiff that
while the deceased held the signal wire he called to his
assistant who also took hold of it, and that neither was
able to release his hold until the controller was moved
by a third person.  From this it is strenuously argued
that the shock which caused the death was not a mo-
mentary one that would have resulted from contact of
the signal wire and the bare feed wire but a continuous

one that must have been the result of an unexplained cause. This however overlooks the testimony that the oscillation of the signal wire might have caused it to be entangled with the feed wires and thus produce a continuous current.

We find no error which calls for a reversal. The judgment is affirmed.